## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

**ANKER INNOVATIONS TECHNOLOGY CO., LTD. and ANKER INNOVATIONS LIMITED,**

                    **Plaintiffs,**

          **-against-**

**AWKER, INC., JIANJUN XUE and LEE AUSTIN,**

                    **Defendants.**

**Civil Action No. 1:23-cv-7855**

**DEMAND FOR JURY TRIAL**

## COMPLAINT

Plaintiffs Anker Innovations Technology Co., Ltd. ("Anker") and Anker Innovations Limited ("AIL") (collectively "Plaintiffs") brings this action against Defendants Awker, Inc. ("Awker"), Jianjun Xue and Lee Austin (collectively "Defendants") and alleges as follows:

## NATURE OF ACTION

1.       This is an action for: (1) willful trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114(1), and New York common law; (2) unlawful counterfeiting in violation of 15 U.S.C. §§ 1114 and 1116; (3) unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a), and New York common law; and (4) false advertising in violation of the Lanham Act, 15 U.S.C. § 1125(a), and New York Business Law § 350.

2.       This action arises from Defendants' willful infringement of Plaintiffs' federally registered ANKER®, ®, ®, ®, ANKERMAKE® and ANKERWORK trademarks (collectively "the ANKER Marks") by using the counterfeit name AWKER, including in Defendant Awker's websites www.awker.com and www.awker.us, to

1

market, offer for sale and sell electric charging devices and related products, including, *inter alia*, computer peripherals and mobile telephone accessory products, protected by Plaintiffs' ANKER Marks.   Such conduct is harming to Plaintiffs' internationally well-known and award winning ANKER- brand business specializing in electric charging devices and related products for over ten years.   Through this action, Plaintiffs seek, *inter alia*, their actual damages caused by Defendants infringement, unfair competition and false advertising and/or an order compelling the disgorgement of profits obtained by Defendants and a permanent injunction arising from Defendants' misconduct.

## THE PARTIES

3.      Plaintiff Anker is a Chinese electronics manufacturer having its headquarters in Room 701, Building 7, Zhongdian Software Park, No. 39 Jianshan Road, HIGH-TECH Zone, Changsha City, Hunan CHINA with its U.S. headquarters at 10900 NE 8th Street Bellevue, Washington 98004.

4.      Plaintiff AIL is the owner of all rights, title and interest in and to the ANKER Marks with its principal place of business at Room 1318-19, Hollywood Commercial Center, 610 Nathan Road, Mongkok, Kowloon HONG KONG.

5.      Defendant Awker is a New York corporation with its principal place of business at 50 34th Street, New York, New York 10001.   Defendant uses the counterfeit name AWKER, including in its websites www.awker.com and www.awker.us, to market, offer for sale and sell electric charging devices and related products, including, *inter alia*, computer peripherals and mobile telephone accessory products, protected by Plaintiffs' ANKER Marks.

6.      Defendant Jianjun Xue is a New York resident having an address at 6 Blossom Street, Dix Hills, New York 10746.   On information and belief, Defendant Jianjun Xue (d/b/a Lee

Austin) is the CEO of Defendant Awker and has substantial decision making power within the corporation.

7.    Defendant Lee Austin is a New York resident having an address at 6 Blossom Street, Dix Hills, New York 10746.  On information and belief, Defendant Lee Austin is President of Defendant Awker and has substantial decision making power within the corporation.

## JURISDICTION AND VENUE

8.    This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b).  This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

9.    Venue is proper in this district under 28 U.S.C. § 1391(b) and (c).

## FACTUAL BACKGROUND

### *Plaintiffs' Incontestable ANKER Marks*

10.    Anker (https://www.anker.com/) is an internationally well-known, award winning, company specializing in electric charging devices and related products for over ten years. Anker has invented many smart devices for entertainment, travel, smart homes and to be used in automobiles, and successfully developed many other key brands, including, *inter alia*: Soundcore®, eufy®, NEBULA®, AnkerWork and AnkerMake®, covering a wide range of products under the umbrella of the ANKER Marks, including but not limited to (hereinafter "ANKER Goods"):

> power stations, chargers, wireless chargers, cables, power banks, charging stations, solar panels, batteries, headphones, earbuds, printers, USB hubs, power strips, data cables, smart glasses, eyewear, eyewear that incorporates speakers, speakers,  3D printers, Vacuum cleaners, Machines and apparatus for cleaning, sound recording apparatus, Microphones, speakers, earphones and headphones, projectors, cameras, wireless communication devices for voice, data or image transmission.

3

11.     Plaintiffs extensive advertising, marketing and promotion efforts have generated a significant amount of goodwill and consumer recognition in the ANKER Marks.

12.     Plaintiffs' ANKER Marks have been in use in commerce in connection with Plaintiffs' electric charging devices and related products since at least as early as May 1, 2010. Since that time, Plaintiffs have continuously used one or more of the ANKER Marks, and consumers have come to rely upon and trust the ANKER®-brand as the source of only the highest quality for electric charging devices and related products.

13.     Today, ANKER®-branded products are offered and sold online and by telephone throughout the United States and internationally in the United Kingdom, Germany, Japan, China, United Arab Emirates, Saudi Arabia, Kuwait, Middle East, Africa and Egypt, and Plaintiffs have derived substantial revenue from the sale of ANKER Goods.

14.     Plaintiffs also use the ANKER Marks in advertising, marketing, social media and promotional materials throughout the United States and internationally.  The success of the ANKER Goods is due, in part, to Plaintiffs' extensive promotion and advertising for the ANKER Marks.

15.     In addition to their strong common law rights in the ANKER Marks, Plaintiffs own the following U.S. trademark registrations and application for the ANKER Marks, which are legally and validly registered on the Principal Register of the United States Patent and Trademark Office ("USPTO") and/or filed with the USPTO:

| Mark | U.S. Reg. No. | Goods and Services | Status |
|---|---|---|---|
| ANKER | 4,330,247 | Int. Cl. 9 (U.S. Cls. 021, 023, 026, 036 and 038): Batteries and battery chargers; battery cables; battery cases; battery charge devices; battery packs; renewable battery system to provide backup power | Active (Registered May 7, 2013) |
| ANKER | 4,867,993 | Int. Cl. 9 (U.S. Cls. 021, 023, 026, 036 and 038): Batteries and battery chargers; battery cables; battery cases; battery charge devices; battery packs; renewable battery system to provide backup power; Camera handles; [ Camera hoods; ] Cell phone battery chargers; Computer keyboards; Mobile telephone batteries | Active (Registered December 8, 2015) |
| ANKER | 5,633,669 | Int. Cl. 09 (U.S. Cls. 021, 023, 026, 036 and 038): Power supplies in the nature of batteries; batteries and battery chargers; battery cases; battery charge devices; battery jump starters; power supply for use with electronic devices, namely, mobile phones, digital audio and video players, handheld computers, tablet computers, ebook readers, personal digital assistants, electronic organizers, electronic notepads, and cameras; solar panels for the production of electricity; computer network hubs; USB hubs; electrical sockets; electric plugs; power strips; electric switches; power switches; electric charging cables; data cables; audio cables; mobile phone cases; display screen protectors for providing shade and privacy specially adapted to electronic devices, namely, laptops, cell phones, and personal digital assistants; car mounted units incorporating a loudspeaker to allow a telephone handset to be used hands-free; stands adapted for laptop computers; keyboards; cases adapted for computer keyboards; computer mice; headphones; earbuds; audio speakers; wireless indoor and | Active (Registered December 18, 2018) |

| | | | |
|---|---|---|---|
| | | outdoor speakers; home theater systems comprising DVD players, audio amplifiers, and audio speakers; audio transmitter units; computer hardware and software used for the control of voice controlled information and communication devices | |
| ANKER | 5,687,212 | **Int. Cl. 09 (U.S. Cls. 021, 023, 026, 036 and 038):** <br> Dashboard cameras for vehicles | Active (Registered February 26, 2019) |
| Anker Innovations | 6,348,475 | **Int. Cl. 07 (U.S. Cls. 013, 019, 021, 023, 024, 031, 034, 035):** <br> Electrical generators; Vacuum cleaners; robotic cleaners, namely, robotic vacuum cleaners, robotic window cleaning machines, robotic floor cleaning machines, robotic carpet cleaning machines; electric steam mop; electric food blender; electric juicers; electric coffee grinders; electric food processors; cleaning appliances, utilizing steam; cleaning appliances, namely, steam mops, vacuum cleaners, and carpet cleaning machines <br><br> **Int. Cl. 09 (U.S. Cls. 021, 023, 026, 036 and 038):** <br> Batteries; battery chargers; electrical power supplies; renewable battery system to provide backup power; battery jump starters; solar panels for the production of electricity; charging appliances for rechargeable equipment; computer servers for use in connection with recharging portable electronic equipment; battery cables; battery packs; electric charging cables; data cables; audio cables; USB cables; downloadable mobile applications for controlling chargers and electrical appliances; mobile applications for tracking personal health, fitness and wellness data; mobile applications that provide calculation tools in the fields of diet, weight loss and diet planning; | Active (Registered May 11, 2021) |

| | | electric door bells; thermostats; smoke detectors; carbon monoxide detectors; motion detectors; fire alarms; electric door/window sensors; electric motion sensors; electric flood sensors; Cameras; keyboards; mouse; battery cases; mobile phone protectors, namely, screen protectors comprised of tempered glass, polycarbonate, PVC, and polyethylene terephthalate adapted for use with mobile phones, tablets, and cases for mobile phones and tablets; cell phone cases; keyboard cases; Protective cases for rechargeable electric batteries; housings for rechargeable electric batteries; rechargeable electric batteries sold as an integral component of protective cases featuring an electrical connector, for use with electronic devices, namely, mobile phones, digital audio and video players, handheld computers, tablet computers, ebook readers, personal digital assistants, electronic organizers, electronic notepads and cameras; laptop stands; Monopods for cameras and smartphones; Head-up displays for use in automobiles, namely, transparent electronic displays for providing navigational and operational information; voice integrated dashboard cameras for vehicles; video monitors; wireless headsets; USB dongles being wireless network adapters; wireless network adapter; amplifiers; audio speakers; earphones and headphones; wireless transmitters and receivers; wireless adapters for computers and audio equipment; wireless network speakers; mobile applications for controlling wireless headsets, wired earphones, USB dongle being wireless network adapters, amplifiers, audio speakers, wireless headsets for smartphones, earphones and headphones, wireless network speakers, wireless transmitters and receivers, wireless adapters for computer and audio equipment, and apparatus for recording, transmission or reproduction of sound; usb hubs; computer network hubs; wireless voice and data transmitters and receivers; wireless network adapters and wireless routers; phone camera kit comprised primarily of camera lenses, camera tripods, camera mounts, lens clips, monopod, camera case, electric charging cables, and battery chargers and also containing lens cleaning cloth; stands adapted for mobile phones, cell phone cases, and cell phone straps; home theater systems comprising DVD players, audio amplifiers, and audio speakers; intelligent music systems | |

| | | comprising apparatus for recording, transmission, and reproduction of sound; audio conversion products, namely, analog to digital converters; computer hardware and software used for the control of voice controlled information; wireless communication devices for voice, data, or image transmission; voice controlled personal digital assistants; multi room audio device, namely, audio speakers; fitness trackers, namely, wearable activity trackers; wearable digital electronic devices for monitoring activity; wearable electronic devices, namely, activity trackers, computers, cameras, smart watches, smart rings, and digital electronic devices for the recording, organizing, transmitting, manipulating, storing, reviewing, sending and receiving of text, data, audio, image, and video files; odometers; televisions; scanners; webcams; camera hardware systems for IP (internet protocol) video surveillance; thermometers not for medical use; video projectors; baby monitor; electronic data recorders; computer telecommunications hardware and software for monitoring and alerting remote sensor status via the internet or via transmitters and receivers; computer telecommunications hardware and software for monitoring and alerting remote sensor status via spread spectrum transmission; emergency signal transmitters; Electronic card readers and controllers for controlling access to a premises; radio frequency identification credentials, namely, cards and tags for radio frequency identification credentials; radio-frequency identification (RFID) readers; Electronic locks; home automation control devices for home monitoring for lighting, HVAC, security, safety and other home monitoring and control applications; portable electronic devices for wireless voice, data or image transmission; fire sprinklers; smart base stations, namely, battery chargers for cell phones, tablets, and smart devices, and smart computer docking stations]; Power charging stations, namely, chargers for cell phone batteries; electrical sockets; electric plugs; power strips; electric switches; power switches; light switches; electric smart plugs; digital multimeters; backpacks adapted for use with solar battery charging apparatus; sport armbands specially adapted for personal electronic devices, namely, mobile phones and MP3 players; Information devices, namely, stand-alone voice controlled | |

information devices comprised of cloud-connected and voice controlled smart audio speakers with virtual personal assistant capabilities; personal assistant devices, namely, stand-alone voice controlled information devices comprised of cloud-connected and voice controlled personal data assistants and personal digital assistants; home automation control devices comprising wireless and wired controllers, controlled devices and software for lighting, HVAC, security, safety and other home monitoring and control applications; portable and handheld digital electronic devices for recording, organizing, transmitting, manipulating and reviewing text, data, image and audio files; wireless controllers to monitor and control the functioning of other electronic devices; touch screens; transparent electronic screens; wireless communication devices for voice, data or image transmission; computerized vehicle engine analyzer; video systems comprised of video cables, video screens, and DVD players and televisions for use in cars; distance measuring apparatus; flat panel television and television display monitors for use in cars; mounts for GPS navigation devices; electronic smart scales; Dashboard cameras; dashboard mounts for mobile phones

Int. Cl. 11 (U.S. Cls. 013, 021, 023, 024, 031, 034):

Solar powered lights; LED lamps; lighting fixtures; flashlights; headlamps, namely, portable headlamps; bicycle lights; electric lanterns; oil diffuser, namely, aroma diffuser in the nature of electric and battery operated aromatherapy units; humidifiers; garment steamers; air purifiers; electric coffee machines; electric espresso machines, electric coffee percolators, moka pots; capsule coffee machines; sous vide machines; dehumidifiers; humidifiers; air fryers; electric cooking ovens; Thermometers for medical purposes; pulse oximeters; meters for measuring, apparatus for monitoring and apparatus for testing blood glucose; blood pressure monitors

| | | | |
|---|---|---|---|
| Anker Innovations | 6,866,508 | Int. Cl. 12 (U.S. Cls.  019, 021, 023, 031, 035, 044):<br><br>Vehicle camera mounts | Active (Registered October 4, 2022) |
| **ANKER** | 5,854,934 | Int. Cl. 07 (U.S. Cls. 013, 019, 021, 023, 024, 031, 034, 035):<br><br>Vacuum cleaners; robotic vacuum cleaners; robotic carpet cleaning machine; electrical generators<br><br>Int'l 9 (U.S. Cls. 021, 023, 026, 036, 038):<br><br>Battery packs; battery chargers; battery jump starters; power supply for use with electronic devices, namely, mobile phones, digital audio and video players, handheld computers, tablet computers, ebook readers, personal digital assistants, electronic organizers, electronic notepads, and cameras; solar panels for the production of electricity; computer network hubs; usb hubs; usb adaptors; usb charging ports for vehicles; electrical sockets; electric plugs; power strips; surge protectors; electric switches; power switches; electric charging cables; data cables; audio cables; mobile phone cases; tablet cases; display screen protectors screen protectors comprised of tempered glass, polycarbonate, PVC, and polyethylene terephthalate adapted for use with portable electronic devices and portable gaming devices; car mounted units incorporating a loudspeaker to allow a telephone handset to be used hands-free; stands for personal electronic devices, namely, cell phones, MP3 players, personal digital assistants, tablets, and laptops; monopods for cameras and smartphones; keyboard; mouse; headphones; earbuds; audio speakers; wireless speakers; audio transmitter units; voice control devices, namely, personal digital assistants, home automation hubs comprised of voice-activated speakers, computer hardware, and software for controlling networked devices in the internet of things (IoT), operating internet-enabled and connected lighting apparatus and home security apparatus; monopods for cameras; usb charging port; wireless transmitters and receivers; | Active (Registered September 10, 2019) |

| | | usb adapters; audio and video adapters; Picture projectors; video projectors; lcd projectors; portable video projectors<br><br>Int. Cl. 11 (U.S. Cls. 013, 021, 023, 031, 034):<br>Flashlights; LED lamps; lighting fixtures | |
|---|---|---|---|
| ANKERMAKE | 7,063,667 | Int'l Cl. 7 (U.S. Cls. 013, 019, 021, 023, 024, 031, 034, 035):<br><br>3D printers; 3D printing pens; machine tools, namely, powered machines for shaping and moulding metals or other materials; moulding dies for use with machine tools; Machine parts, namely, moulds for use in the manufacture of plastics products; Plastic jet moulding machines; Matrices for use in printing; Boxes for matrices; Typographic machines, namely, typographic presses; Stereotype machines; Satinizing machines, namely, powered machines for finishing metals or other materials; Offset printers; Machine parts, namely, printing cylinders; Typecasting machines; Machines for making cardboard; Paper production machines; Inking apparatus for printing machines; Collating machines<br><br>Int. Cl. 9 (021, 023, 026, 036, 038):<br>Document printers; Downloadable computer software applications for control and operation of three dimensional printers; Downloadable computer software for designing and modelling of three dimensional printable products | Active<br>(Registered 05/23/23) |
| ANKERWORK | U.S. Serial No. 97097808 | Int. Cl. 9 (021, 023, 026, 036, 038):<br>Document Printers; printer cables; ink cartridges, unfilled, for printers and photocopiers; electronic pocket translators; computers; Computer keyboards; computer peripherals; USB card readers; Digital book readers; Microfilm readers; electronic pocket translators; sound recording apparatus; Audio frequency transformers; Frequency meters; Frequency converters; Electronic pens; tablet computers; Electronic book readers; personal digital assistants in the shape of a watch; Smartphones in the shape of a watch; Wearable activity trackers; smartwatches; | Pending<br>Application Filed October 28, 2021; Published August 1, 2023 |

| | | Downloadable computer application software for cameras, video cameras, video-telephones, loud speakers, audio speakers, microphones, speaker microphones, headsets, webcams, lights for use on video, wireless television set for providing video conferencing and telephone service over the internet, namely, software for use in database integration and management and the electronic storage of data; Recorded computer application software for cameras, video cameras, video-telephones, loud speakers, audio speakers, microphones, speaker microphones, headsets, webcams, lights for use on video, wireless television set for providing video conferencing and telephone service over the internet, namely, software for use in database integration and management and the electronic storage of data; Downloadable computer software for application and database integration; Recorded computer software for application and database integration; smartglasses; headphones; in ear headphones; Wireless headsets for smartphones; Television monitors; Digital signage monitors; Radio monitors for reproduction of sound and signals; display screens; video display units; microphones; Microphone cables; lenses for cameras; Webcams; conference cameras; Mounting devices for cameras; Camera hoods; Camera stands; video telephones; Conference phones; Downloadable communication software for cameras, video cameras, video-telephones, loud speakers, audio speakers, microphones, speaker microphones, headsets, webcams, lights for use on video, wireless television set for providing video conferencing and telephone service over the internet, namely, software for use in database integration and management and the electronic storage of data; Recorded communication software for cameras, video cameras, video-telephones, loud speakers, audio speakers, microphones, speaker microphones, headsets, webcams, lights for use on video, wireless television set for providing video conferencing and telephone service over the internet, namely, software for use in database integration and management and the electronic storage of data; Lights for use on video cameras; Video cameras; Video-telephones; loudspeakers; audio speaker enclosures; Portable sound reproducing apparatus; digital audio interface apparatus; sound transmitting apparatus; apparatus | |

| | | for amplifying sound; sound reproducing apparatus; television receivers; Digital projectors; Wireless controllers to remotely monitor and control the function and status of other electrical, electronic, and mechanical devices or systems; radio apparatus; Keyboards for smartphones; Blank USB cards; Hard disk drives; USB hubs; Camera tripods; Electrical lights for use in professional quality photography; Computer cases; protective cases for personal digital assistants; protective cases for laptops; protective cases for e-book readers; protective cases for MP3 players; dashboard mounts for mobile phones; Carrying cases for portable music players; network routers; USB wireless routers; LAN access points; mobile telephones; data cables; connectors for telecommunication apparatus; Power adapters; Computer network adapters; cable connectors; electronic docking stations; Battery chargers; USB cables; power wires; Electrical plugs; Plug connectors | |
|---|---|---|---|

16.     Copies of the Certificates of Registration and USPTO Trademark Status and Document Retrieval ("TSDR") printout for Plaintiffs' federally registered ANKER®, **ANKER** ®, **ANKER** ®, **Anker Innovations** ® and ANKERMAKE® trademarks are attached as **Exhibits A to H.**

17.     Plaintiffs' federal registrations for at least the ANKER® and **ANKER** ® Marks are incontestable under 15 U.S.C. § 1065.  Pursuant to 15 U.S.C. § 1115(b), Plaintiffs' incontestable registrations are conclusive evidence of the validity of the ANKER® and **ANKER** ® Marks, Plaintiffs' ownership in the marks, and Plaintiffs' exclusive right to use the ANKER® and **ANKER** ® Marks in commerce in connection with the ANKER Goods.

18.     As a result of Plaintiffs' extensive use and advertising of the ANKER Goods bearing the ANKER Marks, consumers have come to identify Plaintiffs and/or their authorized licensees

– and only Plaintiffs and/or their authorized licensees – as the source of the ANKER Goods.

19.     The ANKER Marks symbolize an exceptional level of quality, reliability, and value, and the ANKER Marks are an asset of incalculable value and an identifier of the ANKER Goods.

20.     To help protect its valuable trademarks and to preserve the goodwill, reputation and exclusivity of Plaintiffs' trademarks and innovations, Plaintiffs closely control the sale of their products and the use of their trademarks, and have devoted and continue to devote substantial resources to protect the ANKER Marks.

21.     The ANKER Marks are distinctive and well-known for the ANKER Goods, and are therefore entitled to a broad scope of protection.

***Defendants' Counterfeit AWKER Mark And Willful Infringement***

22.     Defendants' willful actions are intentional and intended to trade on the reputation and goodwill of Plaintiffs and the ANKER Marks.  Defendants have actual knowledge of the ANKER Marks for the ANKER Goods.

23.     Defendants' adoption and use of AWKER is plainly an attempt to trade on the reputation and goodwill of the ANKER Marks.  AWKER is substantially indistinguishable from the ANKER Marks.  AWKER virtually identical in spelling and design to ANKER, except for one pen stroke to convert an N to a W.  AWKER is used as the domain name on Defendant Awker's www.awker.com and www.awker.us websites to offer and sell the identical, similar and complementary goods as the ANKER Goods.

24.     A comparison of the AWKER design from Defendant Awker's websites www.awker.com and www.awker.us with the ANKER designs from Plaintiffs' Trademark Registrations Nos. 4,867,993 and 5,633,669 illustrates Defendants' willful intent that the AWKER

Mark has the same visual appearance as the ANKER Marks:

**AWKER Mark (www.awker.com and www.awker.us)**

**AWKER**

**ANKER Marks (Registration Nos. 4,867,993 and 5,633,669)**

**ANKER**          **ANKER**

As shown above, the spacing in the letter K is the same and the cross line in the letter A is broken in the AWKER design and the ANKER designs.

25.     Example webpages from www.awker.com illustrating the offer for sale of the same goods as ANKER Goods under the infringing AWKER Mark, including a fast charger and a memory card are shown below (**Exhibits I and J**):





26.    Defendants' willful intent is further manifested by their linkage of the www.awker.com website through a banner directing users to "switch to" Defendant Awker's other website www.awker.us where customers are directed to webpages selling, without authorization from Plaintiffs, ANKER Goods at inflated prices (**Exhibit K**):



27.    An Example webpage from www.awker.us illustrating the offer for sale, without authorization from Plaintiffs, of ANKER Goods, including lightning cable, Bluetooth speaker, Earbuds and fast chargers, is shown below (**Exhibit L**):

16



28.     Defendants' willful intent is further shown by their offer to sell ANKER Goods through social media.  Examples of Defendant Awker's offers to sell, without authorization from Plaintiffs, ANKER Goods on Defendant Awker's Ebay page, Facebook page, YouTube page and X (formerly known as Twitter) page, are shown below (**Exhibits M, N, O and P**):







29.     As a result of Defendants' infringing use of the counterfeit AWKER Mark for Defendant Awker's domain names, in its advertising, promotions and social media, and through the continued offering of ANKER Goods for sale on its websites www.awker.com and www.awker.us and social media platforms on at least Ebay, Facebook, YouTube and X (formerly known as Twitter), consumer confusion is not only likely but assured given such concerted bad faith conduct.  On information and belief, Defendants Jianjun Xue's and Lee Austin's substantial decision making power resulted in such infringing use of the counterfeit AWKER Mark and the unauthorized offering of ANKER Goods for sale on Defendants' websites www.awker.com and www.awker.us.

30.     Moreover, Plaintiffs and Defendants have the same marketing and advertising channels through their internet websites:  www.anker.com (Plaintiffs) (pertinent web pages attached as **Exhibit Q)** and www.awker.co and www.awker.us (Defendants) (pertinent web pages attached as **Exhibits R and S**, respectively).  Plaintiffs and Defendants market to the same customers interested in purchasing electric charging devices and related products.  Examples of purchase and delivery orders dated July 30, 2023 of infringing AWKER earbuds and quick charger listed on Defendants' websites are shown in **Exhibits T and U,** with photos of purchased products and packaging included.  As a result of Defendants' use of the counterfeit AWKER Mark, there has already been substantial confusion in the market by customers confusing Defendants' infringing AWKER electric charging devices and related products with the ANKER Goods. **Exhibit V** (Examples of Actual Customer Confusion).

31.     Defendants' unauthorized advertisements and offers for sale of the ANKER Goods at inflated prices also constitutes false advertising.

32.     Defendants' willful intent is still further manifested by their filing on May 16, 2020

U.S. Trademark Application No. 88919137 for the counterfeit AWKER Mark in the same International Class 009 (U.S. Classes 021, 023, 026, 036 and 038) and for the same goods as Plaintiffs' ANKER Marks, specifically for: "Access control and alarm monitoring systems; Cable broadcast transmission machines and apparatus; Cable television converters; Camera flashes; Computer cameras; Computer card adapter; Computer keypads; Computer memory hardware; Computer network adapters; Computer stylus; Digital audio players; Digital door locks; Digital signage display panels; Ethernet controllers; Ethernet repeaters; Ethernet transceivers; LAN (local area network) access points for connecting network computer users; LAN computer cards for connecting portable computer devices to computer networks; Memory boards; Micro-computers; Mobile computers; Mobile hotspot devices; Mobile phone cases featuring rechargeable batteries; Mobile phone straps; Mobile telephone batteries; MP3 players; Network access server hardware; Portable computers; Power strips; Self-timers; Solar panels for the production of electricity; Time clocks; TV monitors; USB (universal serial bus) hardware; Video phones; Video projectors; Wireless headsets for smartphones." This application, which was ultimately abandoned on February 26, 2021 for failure to respond to an Office Action, was filed in the name of Defendant Lee, Austin of 6 Blossom Street, Dix Hills, New York 11746 as the owner of the mark.

33.    A comparison of the AWKER design from Defendants' U.S. Trademark Application No. 88919137 with the ANKER designs from Plaintiffs' Trademark Registrations Nos. 4,867,993 and 5,633,669 illustrates Defendants' willful intent that the AWKER Mark has the same visual appearance as the ANKER Marks:

**AWKER Mark (U.S. Trademark Application No. 88919137)**

**AWKER**

**ANKER Marks (Registration Nos. 4,867,993 and 5,633,669)**



As shown above, the spacing in the letter K is the same and the cross line in the letter A is broken in the AWKER design and the ANKER designs.

34.     On August 1, 2022, Defendants filed another U.S. Trademark Application No. 97529891 for the counterfeit AWKER Mark again in the same International Class 012 (U.S. Classes 019, 021, 023, 031, 044) and for the same goods as Plaintiffs' ANKER Marks, specifically for: "Car interior organizer bags specially adapted for fitting in vehicles; Aftermarket automobile accessories, namely, car interior organizer bags, nets and trays specially adapted for fitting in vehicles; Fabric car seat buckle protector; Fitted car seat covers; Fitted seat covers for vehicles; Luggage carriers for automobiles; Safety seats for infants and children for vehicles."  The application was filed by Defendant Jianjun Xue as attorney/correspondent in the name of Defendant Awker Inc. having the same residence address of Defendants Lee Austin and Jianjun Xue at 6 Blossom Street, Dix Hills, New York 11746, as the owner of the mark.  Plaintiffs have filed an opposition with the USPTO against this mark.

35.     Furthermore, counsel for Plaintiffs sent a cease and desist letter on August 9, 2023 (**Exhibit W**) to Defendants Awker, Jianjun Xue, CEO and Lee Austin, among others, at the addresses of 50 34th Street, New York, New York 10001 and 6 Blossom Street, Dix Hills, New York 11746 and the email addresses of, *inter alia*, Awker (awker@awker.com) and jianjunxue56@gmail.com.  The cease and desist letter provided notice of Plaintiffs incontestable, federally registered ANKER Marks for electric charging devices and related products, including, *inter alia*, computer peripherals and mobile telephone accessory products, and requested that Defendants immediately cease and desist their infringing use of the counterfeit AWKER Mark for

the same products protected by the ANKER Marks. Plaintiffs requested a response within ten (10) days. No response has been received by Plaintiffs to the cease and desist letter.

36.    Defendants intend by their use of the counterfeit AWKER Mark in connection with the same electric charging devices and related products as Plaintiffs' ANKER Goods to trade off the resounding consumer goodwill and reputation of the ANKER Marks and Plaintiffs' ANKER®-brand.

37.    Plaintiffs have no business relationship with Defendants and have never authorized or licensed Defendants to use the counterfeit AWKER Mark or any other similar mark for any purpose, including in connection with electric charging devices and related products. Defendant Awker is a competitor of Plaintiffs and Defendants' infringing AWKER electric charging devices and related products directly compete with Plaintiffs' ANKER Goods. As such, Defendants' infringing AWKER electric charging devices and related products are marketed to the same class of consumers, through the same channels of trade, and through the same or similar types of advertising as Plaintiffs.

38.    Defendants' use of the counterfeit AWKER Mark is without Plaintiffs' permission or consent. Plaintiffs have no control over Defendants' use of the counterfeit AWKER Mark or the quality of electric charging devices and related products offered for sale and sold by Defendants in connection with the counterfeit AWKER Mark.

39.    The acts of Defendants complained of herein has caused, or is likely to cause, irreparable injury to Plaintiffs, including irreparable injury to its goodwill and reputation, for which Plaintiffs have no adequate remedy at law.

40.    Upon information and belief, Defendants will continue to commit the acts complained of herein unless enjoined.

41.     Upon information and belief, Defendants' acts have been deliberately and intentionally carried out in bad faith, or with reckless disregard for or with willful blindness to Plaintiffs' rights, for the purpose of trading on Plaintiffs' goodwill and reputation and diluting the ANKER Marks.

42.     Pursuant to 15 U.S.C. § 1117, Plaintiffs are entitled to recover the costs of the action.  The intentional nature of Defendants' unlawful acts renders this an "exceptional case," entitling Plaintiffs to an award of attorneys' fees under 15 U.S.C. § 1117(a).

## COUNT I – FEDERAL TRADEMARK INFRINGEMENT
### 15 U.S.C. § 1114(1)

43.     Defendants' conduct is in violation of 15 U.S.C. § 1114(1).  Plaintiffs incorporate by reference the allegations in each of the preceding paragraphs as if fully set forth herein.

44.     Plaintiffs own exclusive rights in U.S. Registration Nos. 4,330,247; 4,867,993; 5,477,308;  5,633,669;  5,687,212;  6,348,475;  6,866,508;  5,854,935;  7,063,667;  and  U.S. Application Serial No. 97097808 for the ANKER Marks.

45.     Defendants have knowledge of Plaintiffs' exclusive rights in the ANKER Marks for the advertising, promotion, social media, marketing, offer for sale and sale of the ANKER Goods.

46.     Without Plaintiffs' authorization or consent, Defendants, as alleged herein, used and/or continue to use the counterfeit AWKER Mark in connection with the advertising, promotion, social media, marketing, offer for sale and sale of electric charging devices and related products, including, *inter alia*, computer peripherals and mobile telephone accessory products, for which Plaintiffs own registered rights.

47.     Defendants knew or should have known they were not authorized to use the AWKER Mark for the advertising, promotion, social media, marketing, offer for sale and sale of

electric charging devices and related products, including, *inter alia*, computer peripherals and mobile telephone accessory products, as of at least August 9, 2023.

48.    Defendants' use of the AWKER Mark, as alleged herein, is likely to cause confusion, mistake, or deception as to the source, sponsorship, or approval of Defendants' goods and services by Plaintiffs.  The consuming public and the trade are likely to believe that Defendants' goods and services sold under the AWKER Mark are licensed, sponsored or approved by Plaintiffs, or are in some way connected with or related to Plaintiffs, all to the damage and detriment of Plaintiffs reputation and goodwill, and in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

49.    Defendants' willful acts have occurred in interstate commerce and have caused, and unless restrained by this Court, will continue to cause, serious immediate and continuing irreparable injury to Plaintiffs, for which Plaintiffs have no adequate remedy at law.

## COUNT II – FEDERAL COUNTERFEITING
### 15 U.S.C. §§ 1114, 1116

50.    Defendants' conduct is in violation of 15 U.S.C. §§ 1114 and 1116.  Plaintiffs incorporate by reference the allegations in each of the preceding paragraphs as if fully set forth herein.

51.    The ANKER Marks are registered on the Principal Register under U.S. Registration Nos. 4,330,247; 4,867,993; 5,477,308; 5,633,669; 5,687,212; 6,348,475; 6,866,508; 5,854,935; 7,063,667; and also include U.S. Application Serial No. 97097808 for electric charging devices and related products, including, *inter alia*, computer peripherals and mobile telephone accessory products.

52.    Defendants have engaged in unlawful counterfeiting practices in violation of 15 U.S.C. §§ 1114 and 1116 because Defendants' use of a spurious AWKER Mark in connection

with electric charging devices and related products, including, *inter alia*, computer peripherals and mobile telephone accessory products, is virtually identical to Plaintiffs' ANKER Marks and is used in connection with the same goods offered in connection with Plaintiffs' ANKER Marks.

53.    Defendants have knowingly and intentionally used the spurious AWKER Mark to designate goods that are not genuine ANKER Goods.  Defendants' use of the spurious AWKER Mark that is substantially indistinguishable from Plaintiffs' ANKER Marks causes confusion, mistake, or deception as to the source of origin of the goods offered by or sold by Defendants in connection with the spurious AWKER Mark as being the ANKER Goods offered and sold by Plaintiffs.

54.    The likely confusion, mistake, or deception caused by Defendants is in violation of Section 32 of the Lanham Act, 15 U.S.C. §§ 1114 and 1116.

## COUNT III – FEDERAL UNFAIR COMPETITION
### 15 U.S.C. § 1125(a)

55.    Defendants' conduct is in violation of 15 U.S.C. § 1125(a).  Plaintiffs incorporate by reference the allegations in each of the preceding paragraphs as if fully set forth herein.

56.    Defendants' unauthorized and infringing use of the AWKER Mark, as alleged herein, constitutes use of a false designation of origin and false or misleading representation in interstate commerce, which wrongly and falsely designates, describes, and represents the origin of Defendants' goods and services as being connected with Plaintiffs, and is likely to cause confusion, or to cause mistake, or to deceive as to Defendants' affiliation, connection, or association with Plaintiffs, or as to the origin, sponsorship, or approval of Defendants' goods and services by Plaintiffs in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

57.    These acts have occurred in interstate commerce and have caused, and unless restrained by this Court, will continue to cause, serious and irreparable injury to Plaintiffs, for which

Plaintiffs have no adequate remedy at law.

## COUNT IV – FEDERAL FALSE ADVERTISING
### (15 U.S.C. §1125(a))

58.    Defendants' conduct constitutes false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).  Plaintiffs incorporate by reference the allegations in each of the preceding paragraphs as if fully set forth herein.

59.    By the acts as described above, Defendants have made false or misleading statements to consumers that Defendants offer for sale and/or sell Plaintiffs' products and, without authorization from Plaintiffs, offer for sale and/or sell Plaintiffs' products on Defendants' websites at inflated prices.

60.    The false or misleading statements have actually deceived or have the capacity to deceive a substantial portion of such consumers.

61.    The deception is material in that it is likely to influence purchasing decisions relating to electric charging devices and related products, including, *inter alia*, computer peripherals and mobile telephone accessory products.

62.    There is a likelihood of injury to Plaintiffs resulting from the false and misleading statements, including loss of sales of ANKER Goods and loss of goodwill and reputation to Plaintiffs' ANKER®-brand business.

63.    Defendants' false and misleading statements relate to Defendants' offer for sale and sale of electric charging devices and related products, including, *inter alia*, computer peripherals and mobile telephone accessory products, provided in interstate commerce.

## COUNT V – TRADEMARK INFRINGEMENT UNDER NEW YORK COMMON LAW

64.    Defendants' conduct constitutes trademark infringement in violation of New York common law.   Plaintiffs incorporate by reference the allegations in each of the preceding

27

paragraphs as if fully set forth herein.

65.     By the acts described above, Defendants have engaged in trademark infringement in violation of the common law of the State of New York.

66.     Defendants' acts have caused and will continue to cause, unless restrained by this Court, serious immediate and continuing irreparable injury to Plaintiffs, for which Plaintiffs have no adequate remedy at law.

## COUNT VI – UNFAIR COMPETITION UNDER NEW YORK COMMON LAW

67.     Defendants' conduct constitutes unfair competition in violation of New York common law.   Plaintiffs incorporate by reference the allegations in each of the preceding paragraphs as if fully set forth herein.

68.     By the acts described above, Defendants have intentionally engaged in unfair competition in violation of the common law of the State of New York.

69.     Defendants' acts have caused and will continue to cause, unless restrained by this Court, serious and irreparable injury to Plaintiffs, for which Plaintiffs have no adequate remedy at law.

## COUNT VII – FALSE ADVERTISING UNDER NEW YORK BUSINESS LAW § 350

70.     Defendants' conduct constitutes false advertising under New York Business Law § 350.  Plaintiffs incorporate by reference the allegations in each of the preceding paragraphs as if fully set forth herein.

71.     By the acts as described above, Defendants have made false or misleading statements to consumers that Defendants offer for sale and/or sell Plaintiffs' products and, without authorization from Plaintiffs, offer for sale and/or sell Plaintiffs' products on Defendants' websites at inflated prices.

72.     The false or misleading statements have actually deceived or have the capacity to deceive a substantial portion of such consumers.

73.     The deception is material in that it is likely to influence purchasing decisions relating to electric charging devices and related products, including, *inter alia*, computer peripherals and mobile telephone accessory products.

74.     There is a likelihood of injury to Plaintiffs resulting from the false or misleading statements, including loss of sales of ANKER Goods and loss of goodwill and reputation to Plaintiff'' ANKER®-brand business.

75.     Defendants' false and misleading statements relate to Defendants' offer for sale and sale of electric charging devices and related products, including, *inter alia*, computer peripherals and mobile telephone accessory products, provided in interstate commerce.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court enter a judgment and order:

1.     That Defendants have willfully violated Sections 32(1) and 43(a) of the Lanham Act;

2.     That Defendants have engaged in trademark infringement and unfair competition in violation of New York common law;

3.     That Defendants have engaged in false advertising in violation of Section 43(a) of the Lanham Act;

4.     That Defendants have engaged in false advertising in violation of New York Business Law § 350;

5.     That Defendant Awker, and its officers, directors, agents, servants, employees, affiliates, successors, shareholders, assigns and attorneys, as well as all those in active concert or

participation with them, be permanently enjoined from:

(a) Using the AWKER Mark or any variation, reproduction, copy, or colorable imitation thereof in any manner in connection with the sale, offering for sale, distribution, or advertising of any goods or services in connection with electric charging devices and related products, including, *inter alia*, computer peripherals and mobile telephone accessory products, in the United States;

(b) Using images of ANKER Goods and offering for sale and/or selling ANKER Goods, including but not limited to on www.awker.us, www.awker.com and links connecting to other websites, including, *inter alia*, www.awker.com, Walmart, eBay, YouTube, Meta and X (formerly known as Twitter) and from all other websites, social media and social media apps;

(c) Using the AWKER Mark in connection with the products covered by the ANKER Goods in all mediums, electronic, digital or hard copy, including but not limited to www.awker.com, www.awker.us, social media, Meta, X (formerly known as Twitter) and Amazon, Walmart, eBay and other commercial platforms;

(d) Using the www.awker.com website and linked www.awker.us pages and ordered to remove same from all online sponsored advertising companies, including, *inter alia*, Google and from all other websites and social media apps, such as Meta, YouTube, X (formerly known as Twitter) and to transfer the AWKER domain names to Plaintiffs;

(e) Doing any other act or thing calculated or likely to induce or cause confusion or the mistaken belief that Defendants are in any way affiliated, connected, or

associated with Plaintiffs or their goods or services; and

    (f)    Injuring Plaintiffs business reputation and the goodwill associated with the ANKER Marks, and from otherwise unfairly competing with Plaintiffs' products and services in any manner whatsoever;

6.    That Defendants be ordered to deliver all remaining inventory of AWKER goods to Anker or its representatives;

7.    That, because of Defendants' willful actions and pursuant to 15 U.S.C. § 1117, and New York common law and statutes, Plaintiffs be awarded the following monetary relief, including:

    (a)    All actual damages sustained by Plaintiffs as a result of Defendants' infringement, unfair competition and false advertising;

    (b)    Disgorgement of all profits received by Defendants from revenues of any kind made as a result of their infringement, unfair competition and false advertising, in an amount to be fixed by the Court in its discretion as just;

    (c)    such profits and damages be trebled; and

    (d)    the costs of the action;

8.    That pursuant to 15 U.S.C. § 1116, Defendants be directed to file with the Court and serve on Plaintiffs within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

9.    That Plaintiffs shall have such other and further relief as this Court may consider necessary to prevent or restrain infringement, unfair competition and false advertising with respect to Plaintiffs' ANKER®-brand business by Defendants;

10.    That Plaintiffs shall have such other and further relief as this Court may deem just.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable in this action.

Dated:  September 5, 2023                      Respectfully submitted,

*/s/ Tony Pezzano*
Tony V. Pezzano (NY Bar # 2315547)
Matthew D. Asbell
Chintan A. Desai
OFFIT KURMAN PC
590 Madison Avenue
6th Floor
New York, NY 10022
Telephone: (212) 545-1900
Facsimile: (212) 545-1656
*Tony.Pezzano@offitkurman.com*
*Matthew.Asbell@offitkurman.com*
*Chintan.Desai@offitkurman.com*

Attorneys for Plaintiffs Anker Innovations
Technology Co., Ltd. and Anker Innovations
Limited