```
                                                      USDC SDNY
                                                      DOCUMENT
                                                      ELECTRONICALLY FILED
         UNITED STATES DISTRICT COURT                 DOC #:_____
         SOUTHERN DISTRICT OF NEW YORK                DATE FILED: 1/12/2024
```

| | |
|---|---|
| **ANKER INNOVATIONS TECHNOLOGY CO., LTD.** and **ANKER INNOVATIONS LIMITED**, <br><br> Plaintiffs, <br><br> -against- <br><br> **AWKER, INC., JIANJUN XUE** and **LEE AUSTIN**, <br><br> Defendants. | Civil Action No. 1:23-cv-7855 (VEC) (BCM) <br><br> **DEMAND FOR JURY TRIAL** |

## STIPULATED ORDER GRANTING PERMANENT INJUNCTION

Plaintiffs Anker Innovations Technology Co., Ltd. ("Anker") and Anker Innovations Limited ("AIL") (collectively "Plaintiffs") and Defendants Awker, Inc., Jianjun Xue and Lee Austin (collectively "Defendants") stipulate to the entry of this Stipulated Order Granting Permanent Injunction as against Defendants.

Under *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006), a plaintiff seeking a permanent injunction must demonstrate: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." The parties consent that Plaintiffs have satisfied their burden to demonstrate that the four *eBay* factors have been met.

**THEREFORE, IT IS ORDERED** as follows:

Pursuant to Federal Rule of Civil Procedure 65 and Lanham Act, 15 U.S.C. §1501 et seq., Defendants, and any of their officers, directors, agents, servants, employees, affiliates, successors,

shareholders, assigns and attorneys, as well as all those in active concert or participation with them, are hereby permanently enjoined and restrained from, directly or indirectly:

(a)     Using the AWKER Mark or any variation, reproduction, copy, or colorable imitation thereof in any manner in connection with the sale, offering for sale, distribution, or advertising of any goods or services in connection with electric charging devices and related products, including, *inter alia*, computer peripherals and mobile telephone accessory products, in the United States;

(b)     Using images of ANKER® branded products and offering for sale and/or selling ANKER® branded products, including but not limited to on www.awker.us, www.awker.com and links connecting to other websites, including, *inter alia*, www.awker.com, Walmart, eBay, YouTube, Meta and X (formerly known as Twitter) and from all other websites, social media and social media apps;

(c)     Using the AWKER Mark in connection with the products covered by the ANKER® Trademarks goods and services in all mediums, electronic, digital or hard copy, including but not limited to www.awker.com, www.awker.us, social media, Meta, X (formerly known as Twitter) and Amazon, Walmart, eBay and other commercial platforms;

(d)     Using the www.awker.com website and linked www.awker.us pages and ordered to remove same from all online sponsored advertising companies, including, *inter alia*, Google and from all other websites and social media apps, such as Meta, YouTube, X (formerly known as Twitter), and to transfer the AWKER domain name to Plaintiffs;

(e)     Destroying all records documenting the manufacture, advertising, receipt, importation, shipment, purchase, sale, offer for sale, or distribution of any AWKER products or products using a confusingly similar name to the ANKER® Trademarks;

(f)     Doing any other act or thing calculated or likely to induce or cause confusion or the mistaken belief that Defendants are in any way affiliated, connected, or associated with Plaintiffs or

2

their goods or services; and

(g)     Injuring Plaintiffs business reputation and the goodwill associated with the ANKER® Trademarks, and from otherwise unfairly competing with Plaintiffs' products and services in any manner whatsoever.

Dated:  January 4, 2023
New York, New York

By,

*/s/ Tony Pezzano*
Tony V. Pezzano (NY Bar # 2315547)
Matthew D. Asbell
Chintan A. Desai

OFFIT KURMAN PC
590 Madison Avenue
6th Floor
New York, NY 10022
Telephone: (212) 545-1900
Facsimile: (212) 545-1656
*Tony.Pezzano@offitkurman.com*
*Matthew.Asbell@offitkurman.com*
*Chintan.Desai@offitkurman.com*

Attorneys for Plaintiffs Anker Innovations
Technology Co., Ltd. and
Anker Innovations Limited

Dated: January 4, 2023
New York, New York

By,

*/Weitao Chen/*
Weitao Chen
60 Cutter Mill Rd, Suite 100C
Great Neck, NY 11021
Tel: (718) 650-8686
Fax: (718) 360-9695
Email: chen@faan.com

Attorney for Defendants

3

IT IS FURTHER ORDERED that the parties' request to file their Confidential Settlement and Release Agreement (the "Agreement") under partial seal with the Paragraph 5 redacted, as shown in Dkt. 36, is GRANTED.

IT IS FURTHER ORDERED that the parties' request for the Court to retain jurisdiction for a period of one year from the Effective Date of the Agreement for the purpose of enforcing the Agreement is GRANTED.

The Clerk of Court is respectfully directed to terminate the open motions at Dkts. 34 and 35.

SO ORDERED.

*Valerie Caproni* (signature)

1/12/2024

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE